FILED

2005 JUN -3 PM 4: 28

NORTHERN DISTRICT
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LLOYD GEORGE MAXWELL, | ) | CASE NO. 4:05 CV 0730 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| T.R. SNIEZEK, | ) | |
| | ) | |
| Respondent. | ) | |

On March 14, 2005, pro se petitioner Lloyd George Maxwell filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Maxwell, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against his custodian, F.C.I. Elkton Warden T.R. Sniezek. Mr. Maxwell seeks to vacate the sentence imposed by the United States District Court for the Eastern District of Virginia. This is the second habeas corpus action pursuant to 28 U.S.C. § 2241 that petitioner has filed in this court. See Maxwell v. Lamanna, No. 4:00cv0189 (N.D. Ohio filed Jan. 21, 2000)(J. Economus).[1]

---

[1] In the previous § 2241 he filed in January 2000, Maxwell challenged his 1988 convictions and sentence, arguing that: 1) his convictions were obtained in violation of his Fourth Amendment rights because the police conducted a non-consensual search of his co-conspirator's car; and 2) his counsel rendered ineffective assistance by not properly asserting Maxwell's
(continued...)

*Background*

In 1993, a jury convicted Mr. Maxwell in the United States District Court for the Eastern District of Virginia of conspiracy and attempt to possess with intent to distribute five or more kilograms of cocaine, violations of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to a term of 240 months of imprisonment, plus an additional ten years based on enhancement for a 1988 drug conviction. The Fourth Circuit Court of Appeals affirmed his convictions and sentence in January 1995. See United States v. Maxwell, No. 93-5917, 1995 WL 32637 (4th Cir. Jan.27, 1995). Thereafter, the district court denied Mr. Maxwell's motion for relief under 18 U.S.C. § 3582. The Fourth Circuit affirmed the district court's judgment dismissing the motion, and noted that Maxwell's § 3582 motion was more properly construed as a § 2255 motion. See United States v. Maxwell, No. 99-7153, 2000 WL 341917 (4th Cir. Apr.3, 2000).

On August 7, 2004, Mr. Maxwell filed an informal request for administrative remedy with the staff at F.C.I. Elkton wherein he requested a 6 level reduction of his offense pursuant to sections 1B1.10, 1B1.11 and 3B1.2 of the sentencing guidelines. He claimed that the court erroneously sentenced him under sentencing guidelines that were not in effect at the time. The staff responded to Mr. Maxwell, stating that the Bureau of Prisons (BOP) could not fulfill his request because it is the responsibility of United States Parole Office to calculate his Presentence Report and provide it to the judge to determine a defendant's ultimate sentence.

Petitioner appealed to Warden Sniezek, who denied his request on September 11,

---

[1](...continued)
standing to challenge the alleged improper search. He also appeared to challenge his 1993 sentence as improper because the court imposed a ten-year enhancement based on his 1988 convictions. Judge Economus dismissed the petition because Maxwell failed to show that his remedy under § 2255 was inadequate or ineffective.

2004 based on a lack of jurisdiction over the issues raised in his request. Mr. Maxwell's subsequent appeals to the Regional Director and National Inmate Appeals were each denied for the same reason.

## *Analysis*

In his petition before this court, Mr. Maxwell asserts that (1) his Fifth and Sixth Amendment rights were violated when the district court erroneously imposed his sentence under the wrong sentencing guidelines and, (2) Warden Sniezek is illegally holding him beyond the termination date of his prison sentence in violation of the Eighth Amendment. He asks the court to consider whether the BOP or the courts have authority to (1) "correct Sentencing Court's mistakes and reduce[] petitioner's offense level six points and (2) reduce "petitioner's ten years enhanced sentenced [sic] pursuant to § 851 as the petitioner's Sixth Amendment Constitutional Rights were violated and it should be vacated . . . and remanded for correction pursuant to Booker and Fanfan. No. 04-104, 2005 WL 50108 U.S. Jan. 12, 2005."[2] (Pet. at 3.)

## *Federal Habeas Corpus Petitions*
## *28 U.S.C. § 2241*

Before the court can address the merits of Mr. Maxwell's petition, it must first determine whether his claim is properly raised in a § 2241 habeas petition. Generally, if a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. United States v. Peterman, 249 F.3d 458, 461

---

[2]This appears to be a reference to United States v. Booker, 125 S. Ct. 738 (2005), a consolidation of United States v. Booker and United States v. Fanfan, wherein the Supreme Court held that the rule of Blakely v. Washington, 124 S.Ct. 2531 (2004) applied with equal force to the federal sentencing guidelines.

3

(6th Cir.), cert. denied, 122 S.Ct. 493 (2001). But where, as here, a federal prisoner seeks to challenge the imposition of his sentence, on grounds that the sentence was imposed "in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. See 28 U.S.C. § 2255; Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir.1998).

If it appears, however, that the remedy to test the legality of his detention as afforded under § 2255 is "inadequate or ineffective," section 2255 provides a safety valve wherein a federal prisoner may challenge his conviction or the imposition of his sentence pursuant to §2241. United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. See Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (amending 28 U.S.C. § 2255) ("AEDPA"). Although the Sixth Circuit has not determined the exact scope of the savings clause, it appears that a prisoner must at least show factual innocence. See Charles, 180 F.3d at 757.

With regard to the present case, Mr. Maxwell cites United States v. Eakman, 378 F.3d 294 (3d. Cir. 2004), Wright v. United States Board of Parole, 557 F2d 74 (6th Cir. 1977), and United States v. John, 925 F.2d 889 (6th Cir. 1977) to assert this court's habeas corpus jurisdiction pursuant to § 2241. These cases, however, involve prisoners seeking to challenge the execution of their sentences, not challenges to the term of imprisonment imposed by the district

4

court judge. The facts which support Mr. Maxwell's petition before this court address his desire to vacate or set aside the 240 month sentence the district court imposed. Despite his claims to the contrary, he is clearly seeking to challenge his sentence --- a request which can only be addressed as a § 2241 petition when collateral relief under § 2255 is inadequate or ineffective.[3] Having failed to properly characterize his petition as a request to challenge his sentence under § 2255's saving clause, Mr. Maxwell never argues that his remedy under § 2255 is inadequate or ineffective to test the legality of his sentence. As such, he has failed to justify the need for relief from this court pursuant to § 2241.

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 6/3/05*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[3]The statute unequivocally states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255.